# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WOODS, | Case No.: 1:12-cv-01737 DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| vs. | |
| A. GILL, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed a petition for writ of habeas corpus on October 25, 2012.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

1

1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution. . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has held that "habeas jurisdiction is absent ... where successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

　　　　In this case, Petitioner's claim that prison officials have failed to process his administrative remedies does not challenge the legality or duration of his sentence.  Although in the relief section of the petition, Petitioner requests a statement explaining why he was implemented in an alleged prison riot while housed in segregation and redaction of his name from any reports regarding the incident, Petitioner does not appear to challenge any disciplinary action which may have an impact on the duration of his sentence.  Therefore, Petitioner's challenge relates only to the conditions of his confinement and habeas corpus jurisdiction is not available.  See Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' … [and as] such, a habeas court 'has the power to release' a prisoner, but 'has not other power.'") (citations omitted).   Because there is no habeas relief available, the petition must be dismissed.  Should Petitioner wish to pursue his claims, he should do so by way of a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and
2. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

Dated:   **November 6, 2012**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE